IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-63-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOSEPH GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to transfer to Federal Bureau of Prisons ("FBOP") custody (DE 55). The issues raised are ripe for ruling.

On January 25, 2024, the court sentenced defendant to 212 months' imprisonment and five years' supervised release based on his conviction for unlawful possession of a firearm. The court's judgment provides that the sentence shall run "concurrently to any future sentence imposed in Cumberland County, N.C., in docket number 22CRS362443, or any other case as it relates to the underlying conduct in the instant federal case." (DE 46 at 2).

Following sentencing in this court, defendant was transferred to state custody for proceedings on the related charges in Cumberland County. (DE 55). According to defendant, the state court sentenced him to seven to nine years' imprisonment, to run concurrent with the federal sentence, and he is currently serving that sentence in state custody.[1] In the instant motion, defendant requests that the court order state officials to transfer him to FBOP custody. He alleges that the FBOP will only give him credit for the state sentence if he is housed at a federal

---

[1] Public records confirm that defendant is currently in state custody, but the records indicate his aggregate maximum sentence is 10 years and six months. See North Carolina Dep't of Adult Corr., Offender Public Info., https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view.

correctional facility for service of the state sentence.

The court lacks authority to designate defendant's place of imprisonment for service of the federal sentence. See 18 U.S.C. § 3621(b) (stating the FBOP's place of imprisonment designation is "not reviewable by any court"). Nonetheless, the court expects the FBOP will honor the order for concurrent state and federal sentences in this case. Notably, defendant does not provide documentation from the FBOP indicating it will calculate the federal sentence to run consecutively to the state sentence. In the event the FBOP refuses to credit defendant's time in state custody against the federal sentence, to the extent such time was served after the date of sentencing in this case,[2] defendant should alert the court and provide supporting documentation showing the FBOP's calculation of the sentence.

Based on the foregoing, defendant's motion to transfer to FBOP custody (DE 55) is DISMISSED without prejudice.

SO ORDERED, this the 8th day of August, 2024.

LOUISE W. FLANAGAN
United States District Judge

---

[2] The court also lacks authority to award pretrial custody credit at sentencing under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333 (1992). Instead, the FBOP will calculate pretrial custody credit in the first instance. See id. The court notes the FBOP generally cannot award pretrial custody credit if that time is credited to the state sentence. See 18 U.S.C. § 3585(b). To the extent defendant is concerned about credit for pretrial detention, he will need to discuss the issue with FBOP officials. If defendant is dissatisfied with the FBOP's calculation, he must first exhaust administrative remedies within the FBOP. Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010). After exhausting administrative remedies, defendant can challenge the execution of his sentence, including the calculation of any sentence credits, by filing a habeas corpus petition in federal court pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Such petitions must be filed in the judicial district where defendant is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)

2